IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRICK JAMES McLEMORE, #280760, )<br>  )<br>     Plaintiff, )<br>  )<br>v.   )<br>  )<br>  )<br>KIM TOBIAS THOMAS, et al., )<br>  )<br>     Defendants. ) | CIVIL ACTION NO. 2:14-CV-507-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jerrick James McLemore ("McLemore"), a state inmate, filed this 42 U.S.C. § 1983 action asserting violations of his Eighth and Fourteenth Amendment rights stemming from alleged systemic deficiencies at the Ventress Correctional Facility. McLemore did not submit the $350 filing fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 7*. In support of this request, McLemore provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by McLemore and pursuant to 28 U.S.C. § 1915(b)(1)(A), the court determined that McLemore owed an initial partial filing fee of $6.33. *Order of August 22, 2014 - Doc. No. 11* at 1-2. The court therefore ordered McLemore to pay the initial partial filing fee on or before September 8, 2014. *Id*.

at 2.  In addition, this order specifically informed McLemore "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee." *Id*. (emphasis in original).  The order also "advised [McLemore] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3.  Moreover, the court specifically cautioned McLemore that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Subsequently, McLemore requested additional time to submit the initial partial filing fee (Doc. No. 12), and the court entered an order granting McLemore an extension until September 23, 2014 to file the necessary fee.  *Order of September 5, 2014 - Doc. No. 13*.  McLemore failed to file the initial partial filing fee within the time period directed by the court.  Thus, the court issued an order requiring that McLemore "show cause why he has failed to pay the initial partial filing fee in compliance with the orders of this court."  *Order of October 9, 2014 - Doc. No. 14*.  This order likewise advised McLemore "that if he fails to file a response to this order ... a Recommendation [will be entered] that this case be dismissed." *Id*.

As of the present date, McLemore has failed to pay the initial partial filing fee within the time allowed by the court.  In addition, McLemore sought no further extension of time to pay the partial filing fee, nor did he provide any basis for his failure to pay this fee.  The

2

court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court. It is further

ORDERED that on or before November 13, 2014, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d

1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 30th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE